**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NESTOR ARIEL ORTIZ-CRISTALES, AKA Nestor Ortiz, | No. 16-74024 |
| Petitioner, | Agency No. A204-448-651 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2020**

Before: FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Nestor Ariel Ortiz-Cristales, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo questions of

law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent

that deference is owed to the BIA's interpretation of the governing statutes and

regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).  We review

for substantial evidence the agency's factual findings.  *Garcia-Milian v. Holder*,

755 F.3d 1026, 1031 (9th Cir. 2014).  We dismiss in part and deny in part the

petition for review.

The agency did not err in finding that Ortiz-Cristales' proposed social group

based on gang recruitment and extortion was not cognizable.  *See Reyes v. Lynch*,

842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a

particular group, "[t]he applicant must 'establish that the group is (1) composed of

members who share a common immutable characteristic, (2) defined with

particularity, and (3) socially distinct within the society in question.'" (quoting

*Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Santos-*

*Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008) ("young men in El

Salvador resisting gang violence" does not constitute a particular social group),

*abrogated in part by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013).

To the extent Ortiz-Cristales raises a new social group in his opening brief, we lack

jurisdiction to consider it. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Substantial evidence supports the BIA's determination that Ortiz-Cristales failed to establish that the harm he experienced or fears in El Salvador was or would be on account of a protected ground. *See Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009) (rejecting political opinion claim where petitioner did not present sufficient evidence of political or ideological opposition to the gang's ideals or that the gang imputed a particular political belief to the petitioner).

Thus, Ortiz-Cristales' asylum and withholding of removal claims fail.

Substantial evidence also supports the BIA's denial of CAT relief because Ortiz-Cristales failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

In light of this disposition, we do not reach Ortiz-Cristales' remaining contentions regarding the merits of his claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

The record does not support Ortiz-Cristales' contentions that the BIA

applied an incorrect legal standard or otherwise erred in considering his claims.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

16-74024